UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ARTEZ SHABAZZ WILLIAMS,

   *Plaintiff*,

v.                                                        Case No.  5:24-CV-00559-JKP

RED'S ROADRUNNER TRANSPORT,
INC. AND ROGER LEWIS FARLEY,

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Red's Roadrunner Transport, Inc.'s ("Red's Roadrunner") Partial Motion to Dismiss Plaintiff Artez Shabazz Williams' ("Williams") direct negligence and gross negligence causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF No. 9*. Williams filed a Response and Red's Roadrunner filed a Reply. *ECF Nos. 10, 11*. Upon consideration, the Court concludes the Motion shall be GRANTED.

## BACKGROUND

This case arises from alleged personal injuries Williams sustained as a result of a motor vehicle collision. The following facts derive from Williams' Complaint and are taken as true for purposes of adjudicating Red's Roadrunner's Partial Motion to Dismiss. *ECF Nos. 1, 9*.

On December 4, 2022, Williams was driving his vehicle southbound on Rittiman Road in San Antonio, Texas. *ECF No. 1 at 2*. Simultaneously, in another traffic lane, Defendant Roger Lewis Farley ("Farley") was driving a semi-truck. *Id*. When both vehicles attempted to turn eastbound from their respective traffic lanes, they collided. *Id*. Farley is an employee of Red's Roadrunner, who owns the semi-truck Farley was driving. *Id*.

In his Complaint, Williams alleges the following causes of action: (1) gross negligence against both Defendants; (2) direct negligence, including negligence per se, against Farley; (3) vicarious liability, based on *respondeat superior*, against Red's Roadrunner; and (4) direct negligence, based on multiple theories, against Red's Roadrunner. *ECF No. 1 at 4–12*.

Red's Roadrunner now moves to dismiss Williams' direct negligence and gross negligence causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See ECF No. 9*.

For the reasons discussed herein, the Court concludes the Motion shall be granted.

## LEGAL STANDARD

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.; see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable

legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998).

In assessing a Motion to Dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## ANALYSIS

Red's Roadrunner moves to dismiss Williams' direct negligence and gross negligence causes of action pursuant to Rule 12(b)(6). *ECF No. 9*. In his Response, Williams argues Red's Roadrunner's Partial Motion to Dismiss should be denied because "it is procedurally deficient in that it was filed after [Red's Roadrunner] had already answered in this cause." *ECF No. 10 at 1 and 5*. Therefore, Williams contends, Red's Roadrunner's Rule 12(b)(6) arguments are untimely. *Id*. In its Reply, Red's Roadrunner asserts it preserved its Rule 12(b)(6) arguments by alleging "Plaintiff's failure to state a claim upon which relief can be granted as its Seventh Defense in its original answer." *ECF No. 11 at 1*.

Rule 12(b)(6) provides "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." However, a party is allowed to assert the defense of "failure to state a claim upon which relief can be granted" by motion. *Id*. The rule provides further a "motion asserting any of these defenses [i.e. failure to state a claim] must be made before pleading if a responsive pleading is allowed." *Id*.

Here, Red's Roadrunner filed its Answer to Williams' Complaint on June 18, 2024, (*ECF No. 8*), thereby making its Partial Motion to Dismiss filed July 10, 2024, (*ECF No. 9*), untimely. However, courts have considered post-answer motions to dismiss as being properly before the court "as long as the movant also raised the defense of failure to state a claim in his or her answer." *Est. of Aragon v. City of San Antonio, Tex.*, No. 5:14-CV-00673, 2015 WL 13793383, at * 1 (W.D. Tex. June 3, 2015). In Red's Roadrunner's Answer, the assertion is made "that the Plaintiff fails to state a claim upon which relief can be granted, and Defendant reserves the right to file a Motion to Dismiss those claims made by Plaintiff that are insufficient pursuant to [Rule 12(b)(6)]." *ECF No. 8 at 2*. Accordingly, the Court may consider Red's Roadrunner's arguments under Rule 12(b)(6).

## I. Direct Negligence

In its Partial Motion to Dismiss, Red's Roadrunner argues Williams' direct negligence causes of action should be dismissed for two reasons. *ECF No. 9 at 8*. Red's Roadrunner asserts Williams fails to meet the required pleading standards and further asserts the direct negligence causes of action are duplicative under the *respondeat superior* liability admission rule. *ECF No. 9 at 8–11*. In his Response, Williams directs the Court to specific paragraphs in his Complaint he suggests state viable direct negligence causes of action.[1] *ECF No. 10 at 5–6*. Williams does not address the *respondeat superior* liability admission rule. *Id*.

As stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

---

[1] Williams also requests the Court "grant him leave to amend his petition to correct any deficiencies alleged by Defendant." *ECF No. 10 at 2*. However, the Court finds Red's Roadrunner complied with the Court's Standing Order (*ECF No. 6*) by informing Williams on June 18, 2024, of the basis of its Partial Motion to Dismiss. *ECF No. 9-1*. Under the Standing Order, Williams has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of Red's Roadrunner's Partial Motion to Dismiss. *See ECF No. 6*. Consequently, Williams shall not be allowed an additional opportunity to amend his Complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002).

678 (quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotations, and alterations omitted).

In his Complaint, Williams alleges the following direct negligence causes of action against Red's Roadrunner:

> (a) negligent hiring; (b) negligent training; (c) negligent entrustment; (d) negligent qualifications; (e) negligent vehicle monitoring; (f) negligent retention; (g) negligent management; (h) negligent contracting; (i) negligent maintenance; (j) negligent supervision; and (k) such additional acts of negligence, which will be established as the case progresses.

*ECF No. 1 at 9–10*. Of these, Williams merely lists the following causes of action: (a) negligent hiring; (b) negligent training; (d) negligent qualifications; (e) negligent vehicle monitoring; (f) negligent retention; (g) negligent management; (h) negligent contracting; (i) negligent maintenance; (j) negligent supervision and (k) such additional acts of negligence, which will be established as the case progresses. *Id*. Williams provides no factual matter related to these causes of action. *Id*. As a result, these causes of action fail to state a claim to relief that is plausible on its face. Thus, these causes of action are DISMISSED.

Regarding a cause of action for negligent entrustment, Williams has only made bare assertions that mirror the elements of the offense. *ECF No. 1 at 9*. A plaintiff must satisfy the following elements to make out a negligent entrustment claim under Texas law:

> (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, [incompetent, or reckless,] (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident.

*Wright v. Weaver*, 516 Fed. Appx. 306, 309 (5th Cir. 2013) (quoting *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)). Williams' Complaint alleges Red's Roadrunner "was the owner of the vehicle," Red's Roadrunner was negligent in entrusting the vehicle to Farley because he was "a reckless and incompetent driver," and Red's Roadrunner "knew, or through the exercise of reasonable care should have known, that [Farley] was a reckless and incompetent driver." *ECF No. 1 at 9*. Williams here has recited the elements of Texas' negligent entrustment law without substantiating his allegations with any additional facts. Williams provides no factual content to assist the Court in making the inference Farley was lacking a license, incompetent, or reckless, or that Red's Roadrunner had any reason to know about Farley's alleged lack of license, incompetence, or recklessness when it entrusted the vehicle to Farley. The Court cannot accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as factual matter necessary to survive a Rule 12(b)(6) motion. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Williams has thereby failed to state a plausible cause of action within his Complaint. Therefore, the negligent entrustment cause of action is also DISMISSED.

As the Court finds Williams fails to state plausible direct negligence causes of action against Red's Roadrunner, the Court need not address Red's Roadrunner's arguments regarding the *respondeat superior* liability admission rule.

## II. Gross Negligence

Red's Roadrunner next argues Williams' gross negligence cause of action should be dismissed because his Complaint contains no facts plausibly suggesting Red's Roadrunner was grossly negligent. *ECF No. 9 at 6*. Williams' Response does not address Red's Roadrunner's argument as to his gross negligence cause of action. *See ECF No. 10*.

"Gross negligence involves proof of two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Guadalupe-Blanco River Authority v. Pitonyak*, 84 S.W.3d 326, 341 (Tex. App.—Corpus Christi 2002, no pet.). Thus, to be liable for gross negligence, Red's Roadrunner must have had "actual, subjective awareness of the risk involved" in its acts or omissions and it must have been consciously indifferent to said extreme degree of risk. *Id*.

In his Complaint, Williams dedicates two short paragraphs to his gross negligence cause of action against Red's Roadrunner. *ECF No. 1 at 11*. Due to this, Williams' theory of liability is not focused and unclear. As stated, to be liable for gross negligence, Red's Roadrunner must have known of an extreme risk and consciously disregarded it. Viewing the facts in the light most favorable to Williams and assuming Farley did negligently cause the accident, there are still no facts in the Complaint for the Court to infer gross negligence on Red's Roadrunner's part. Williams has provided no information to indicate Red's Roadrunner knew Farley was an extreme risk on the road. Further, Williams pleads no specific facts to show actual, subjective awareness of the risk or conscious indifference. Without any information indicating Red's Roadrunner knew of some extreme risk in hiring Farley or letting Farley drive, for example, and consciously disregarding that risk, the Complaint is merely a conclusory allegation with no facts to support it or help the Court in making a reasonable inference gross negligence occurred.

Accordingly, the Court finds Williams' gross negligence cause of action against Red's Roadrunner is facially implausible as pled and thus grants Red's Roadrunner's Partial Motion to Dismiss this cause of action.

## CONCLUSION

For the reasons discussed, Red's Roadrunner's Partial Motion to Dismiss (*ECF No. 9*) is **GRANTED**. Williams' direct negligence and gross negligence causes of action against Red's Roadrunner are **DISMISSED WITH PREJUDICE**.

Williams' causes of action of negligence, including negligence per se, and gross negligence against Farley, and cause of action of vicarious liability, based on *respondeat superior,* against Red's Roadrunner, shall proceed.

It is so ORDERED.
SIGNED this 28th day of October, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE