UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ARTEZ SHABAZZ WILLIAMS,**

　*Plaintiff*,

v.  　　　　　　　　　　　　　　　　　　　　Case No. 5:24-CV-00559-JKP

**RED'S ROADRUNNER TRANSPORT,
INC., ROGER LEWIS FARLEY,**

　*Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Red's Roadrunner Transport, Inc.'s ("Red's Roadrunner") and Roger Lewis Farley Jr.'s ("Farley") Motion for Partial Summary Judgment as to Plaintiff Artez Shabazz Williams' ("Williams"): (1) gross negligence cause of action asserted against Farley; (2) negligence *per se* cause of action asserted against Farley; and (3) joint enterprise cause of action asserted against Red's Roadrunner. *ECF No. 39*. Williams filed a Response to which Defendants filed a Reply. *ECF Nos. 52, 54*. Upon consideration, the Court concludes Defendants' Motion for Partial Summary Judgment shall be GRANTED.

## BACKGROUND

Per Williams' Complaint, on December 4, 2022, Williams drove his vehicle southbound on Rittiman Road in San Antonio, Texas. *ECF No. 1 at 2*. Simultaneously, in another traffic lane, Farley drove a semi-truck. *Id*. When both vehicles attempted to turn eastbound from their respective traffic lanes, they collided. *Id*. Farley is an employee of Red's Roadrunner, who owns the semi-truck Farley drove. *Id*.

In his Complaint, Williams alleges the following causes of action: (1) gross negligence against both Defendants; (2) direct negligence, including negligence *per se*, against Farley; (3) vicarious liability, based on *respondeat superior*, against Red's Roadrunner; (4) direct negligence, based on multiple theories, against Red's Roadrunner; and (5) joint enterprise, against Red's Roadrunner.[1] *ECF No. 1 at 4–12*.

On October 28, 2024, the Court granted Defendant's Motion to Dismiss, (*ECF No. 9*), dismissing with prejudice Williams' direct negligence and gross negligence causes of action against Red's Roadrunner. As such, Williams' causes of action of direct negligence, including negligence *per se*, and gross negligence against Farley, and causes of action of vicarious liability, based on *respondeat superior,* and joint enterprise against Red's Roadrunner, only proceed.

Defendants now move for partial summary judgment as to Williams': (1) gross negligence cause of action asserted against Farley; (2) negligence *per se* cause of action asserted against Farley; and (3) joint enterprise cause of action asserted against Red's Roadrunner. *ECF No. 39*.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable

---

[1] The Court notes it did not acknowledge Williams' joint enterprise cause of action in its October 28, 2024, Memorandum Opinion and Order as neither party addressed it at that time.
[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). The party opposing summary judgment is required to identify specific evi-

dence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, 5:16-CV-00394, 2017 WL 782932 at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

## ANALYSIS

The Court addresses Defendants' arguments as to Williams': (1) gross negligence cause of action asserted against Farley; (2) negligence *per se* cause of action asserted against Farley; and (3) joint enterprise cause of action asserted against Red's Roadrunner, in turn. *ECF No. 39*.

### I.  Gross Negligence

In his Response to Defendants' Motion, Williams states he "does not disagree with Defendants' request to dismiss their gross negligence claims, nor the Court granting such, as the case evidence has not borne out such claims." *ECF No. 52 at 2*. Accordingly, Defendants' Motion for Partial Summary Judgment is granted in this regard.

## II. Negligence *Per Se*

In Defendants' Motion, Defendants argue there is no evidence to support Williams' negligence *per se* cause of action. *See ECF No. 39 at 9–12*. In his Response, Williams does not address the statutory provisions he cited in his Complaint. *See ECF No. 52 at 6–7*. Instead, Williams points to additional provisions of the Texas Transportation Code he alleges Farley violated. *See ECF No. 52 at 6–7*. In Reply, Defendants state this "amounts to an informal or 'backdoor' motion to amend or supplement [Williams'] pleadings." *ECF No. 54 at 1*.

### A. Statutes Pleaded in Complaint

As stated, in his Response, Williams does not address the statutory provisions he cited in his Complaint. *See ECF No. 1 at 4–7* (citing Texas Transportation Code §§ 545.062, 545.151, 545.351, and 545.401). Because Williams did not respond to Defendants' challenges to those causes of action, the Court considers them abandoned and they are dismissed. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

### B. Statutes Not Pleaded in Complaint, but Pleaded in Williams' Response to Defendants' Motion for Partial Summary Judgment

Causes of action first raised at summary judgment are "not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113–14 (5th Cir. 2005). That is to say, if a plaintiff did not assert a cause of action in his operative pleading, he cannot pursue that cause of action during summary judgment. *Id.* at 113 (upholding district court's decision not to address a cause of action that the plaintiff had "not raised in her complaint" and "raised for the first time in response to [defendant's] motion for summary judgment"). The question here is whether Williams, by failing to cite statutes other than Texas Transportation Code §§ 545.062, 545.151, 545.351, and 545.401 in his Complaint, has failed to raise negligence *per se* causes of action based on other uncited provisions of Texas law.

To succeed on a negligence *per se* cause of action, a plaintiff must be able to point to a statute he or she alleges the defendant violated. That's because "[n]egligence *per se* is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute." *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997) (emphasis added). Without a specific statute, it is impossible for anyone—an adversary, a court, a jury—to assess whether a party is liable under a negligence *per se* theory. *Eyer v. Rivera*, No. SA-17-CV-01212-JKP, 2019 WL 5543030, at *2 (W.D. Tex. Oct. 25, 2019) ("In pleading negligence *per se*, the plaintiff must cite a particular statute violated by the alleged conduct because 'without a citation to a statutory provision, the court is unable to determine whether the facts alleged state a violation of any statute.'" (quoting *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016))).

Accordingly, courts have routinely dismissed plaintiffs' negligence *per se* causes of action for failure to state a plausible claim for relief when they did not identify in their pleadings specific statutes a defendant allegedly violated. *See*, *e.g.*, *Eyer*, 2019 WL 5543030, at *2; *Estrada v. Indus. Transit, Inc.*, No. 4:16-CV-00013-DAE, 2016 WL 10967300, at *2–3 (W.D. Tex. Aug. 8, 2016) (dismissing plaintiff's negligence *per se* claims because he only alleged defendant "was negligent *per se* in violation of Texas Transportation Code Chapter 545"). That's because, by failing to point to specific statutes, such plaintiffs often fail to give their adversaries "fair notice of what the[ir] claim is and the grounds upon which it rests." *See Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009); *Estrada*, 2016 WL 10967300, at *2. If a plaintiff has failed to give fair notice of a particular cause of action, then he or she cannot raise that cause of action at summary judgment because he did not properly plead it. *See*, e.g., *Welch v. Loftus*, 776 F. Supp. 2d 222, 225–26 (S.D. Miss. 2011) (discussing similar issue in summary judgment context).

But a citation is not a simple on-off switch. A plaintiff who fails to cite a specific statute in his or her pleading may have still put defendants on notice of his or her negligence *per se* claim. "So long as the [c]omplaint alleges particular conduct that clearly violates a statute or regulation, it pleads negligence *per se* with sufficient particularity." *Welch*, 776 F. Supp. 2d at 225–26; *cf. Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (explaining that a plaintiff can survive a motion to dismiss even if they did not cite to the statute under which they request relief, so long as they plead the "factual basis for their complaint"). For example, in *Welch*, the court held the plaintiff's allegation that the defendant "failed to exercise the duties imposed upon him of due care by failing to yield the right of way" was sufficient to state a negligence *per se* claim under the statute addressing that conduct, even though the plaintiff did not explicitly cite the relevant statute. *See Welch*, 776 F. Supp. 2d at 226 (cleaned up) (denying summary judgment). In sum, while citing to a particular statute when pleading a negligence *per se* claim is no doubt best practice, the failure to do so is not necessarily fatal.

Here, in his Response, Williams cites Texas Transportation Code §§ 545.60 and 545.103, and additionally claims Farley is held to a higher standard under the Federal Motor Carrier Safety Regulations. *ECF No. 52 at 6–7.*

### 1. Failure to Stay in Designated Lane and Texas Transportation Code § 545.060

Defendants are entitled to summary judgment on Williams' negligence *per se* cause of action under Texas Transportation Code § 545.060.

Section 545.060 requires drivers to "drive as nearly as practical entirely within a single lane." Tex. Transp. Code § 545.060(a)(1). That section also states that drivers "may not move from the lane unless that movement can be made safely." *Id*. § 545.060(a)(2).

Even if the Court were to find Williams pleaded with sufficient particularity this cause of action—while not citing to the statute in his Complaint—Section 545.060, however, merely "incorporate[s] the common law's ordinary standard of care," and thus does not support a negligence *per se* action.³

### 2. Failure to Turn Safely and Texas Transportation Code § 545.103

Defendants are also entitled to summary judgment on Williams' negligence *per se* cause of action under Texas Transportation Code § 545.103.

Section 545.103 prohibits a driver from "turn[ing] the vehicle . . . or mov[ing] right or left on a roadway unless movement can be made safely." Tex. Transp. Code § 545.103.

Again, even if the Court were to find Williams pleaded with sufficient particularity this cause of action—while not citing to the statute in his Complaint—like Section 545.060, this provision "does not create an absolute duty;" rather, it holds drivers "to the standard of care exercised by an ordinarily prudent person."⁴

### 3. Federal Motor Carrier Safety Regulations

Finally, to the extent Williams now asserts Farley is held to a higher standard under the Federal Motor Carrier Safety Regulations, Williams has not pleaded with sufficient particularity this cause of action in his Complaint. *ECF No. 52 at 6–7*. There are no allegations in Williams' Complaint sufficient to put Defendants on notice of a negligence *per se* cause of action on this

---

³ *Trinh v. Hunter*, No. SA-20-CV-00725-JKP, 2022 WL 6813293, at *6 (W.D. Tex. Oct. 11, 2022) (granting summary judgment for defendant); *see also, e.g.*, *Gore v. Gore*, 233 S.W.3d 911, 913 (Tex. App.—Beaumont 2007) (explaining that section 545.060 "incorporate[s] the ordinary negligence standard"); *Claybook v. Time Definite Servs. Transp., LLC*, No. 4:15-CV-00763-A, 2016 WL 3963025, at *3 (N.D. Tex. July 16, 2016) (similar).
⁴ *Powell v. Keeley*, 795 F. Supp. 2d 587, 594 (S.D. Tex. 2011); *see also Johnson v. Cont. Freighters, Inc.*, No. 4:21-CV-00879, 2022 WL 12097254, at *2 (S.D. Tex. July 26, 2022), *R. & R. adopted*, No. 4:21-CV-00879, 2022 WL 12097200 (S.D. Tex. Aug. 11, 2022) (similar); *King v. Cardinal Servs., LLC*, No. 2:19-CV-00217, 2021 WL 1379160, at *3 (E.D. Tex. Apr. 11, 2021) (declining to give jury instruction on negligence *per se* claim under section 545.103); *Ochoa v. Mercer Transp. Co.*, No. 5:17-CV-1005-OLG, 2018 WL 7505640, at *3 (W.D. Tex. Dec. 10, 2018) (granting summary judgment for defendant on a section 545.103 claim); *Estrada*, 2016 WL 10967300, at *2.

Case 5:24-cv-00559-JKP-HJB    Document 58    Filed 07/08/25    Page 9 of 11

basis. *See ECF No. 1*. Further, in his Response, Williams does not even cite to language from a federal regulation—he cites to language from a Federal Motor Carrier Safety Administration webpage. *See ECF No 52 at* 7 (citing *ECF No. 52-5 at 6*).

Accordingly, Defendants' Motion for Partial Summary Judgment is granted in this regard.

**III.    Joint Enterprise**

In Defendants' Motion, Defendants argue Williams "cannot prove any of the elements of joint enterprise." *ECF No. 39 at 12*. In his Response, Williams counters "there is evidence suggesting Farley and [Red's Roadrunner] shared a common purpose and Farley had equal or shared control over the operation." *ECF No. 52 at 8*. In Reply, Defendants state "even assuming *arguendo* that [Williams'] conclusory allegations . . . provide the basis for *some* elements of a joint venture they certainly do not provide any evidence of a community of pecuniary interest between Farley and [Red's Roadrunner], nor do they establish that Farley had an equal right to control [Red's Roadrunner] as an enterprise beyond any control he might have had over how he did his own job." *ECF No. 54 at 4*. The Court agrees.

Texas law recognizes the doctrine of joint enterprise tort liability. *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000); *Shoemaker v. Estate of Whistler*, 513 S.W.2d 10, 14 (Tex. 1974). Where a joint enterprise is found to exist, the tortious act of one member of the enterprise may be vicariously imposed on the other members of the enterprise. *Shoemaker*, 513 S.W.2d at 14. The four elements required for a joint enterprise finding are: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an

9

equal right to a voice in the direction of the enterprise, which gives an equal right of control. *Able*, 35 S.W.3d at 613.

In his Response, Williams addresses the second element, "a common purpose to be carried out by the group." *ECF No. 52 at 7–8*. Specifically, Williams points to Farley's deposition testimony for the following proposition: "[e]very time Farley drove from Iowa to San Antonio, Texas with Red's [Roadrunner] it was for the common purpose of delivering produce to Dollar General Fresh." *ECF No. 52 at 8* (citing *ECF No. 52-4 at 26*). While this may be true, Williams fails to meet his shifting burden of presenting competent summary judgment evidence showing the existence of a genuine dispute of material fact as to the remaining elements. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence, and the Court declines to conduct such a search in this case on Williams' behalf. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458.

Further, Defendants admit "there is no dispute in this case that [Red's Roadrunner] is vicariously liable for Farley's conduct via the doctrine of *respondeat superior*," and Williams acknowledges "Farley was indisputably operating a commercial motor vehicle owned by [Red's Roadrunner] during the accident." *ECF Nos. 39 at 13, 52 at 7*. These statements undermine any claim by Williams that Farley had an equal right to a voice in the direction or operation of Red's Roadrunner; although, he also presented no evidence of such.

Accordingly, Defendants' Motion for Partial Summary Judgment is granted in this regard.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment, (*ECF No. 39*). Williams': (1) gross negligence cause of action asserted against Farley; (2) negligence *per se* cause of action asserted against Farley; and (3) joint enterprise cause of action asserted against Red's Roadrunner are **DISMISSED**.

The Court notes, with Mediation in this matter set for **July 25, 2025**, Williams' causes of action of direct negligence against Farley, and cause of action of vicarious liability, based on *respondeat superior,* against Red's Roadrunner, only proceed.

It is so ORDERED.
SIGNED this 8th day of July, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE